IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Mark L. Carpenter, : | |
| Plaintiff : | Civil Action 2:07-cv-552 |
| v. : | Judge Frost |
| Michael J. Astrue, : | Magistrate Judge Abel |
| Commissioner of Social Security, | |
| Defendant : | |

**ORDER**

This matter is before the Court on Plaintiff Mark L. Carpenter's objections to, and motion to reconsider, the Magistrate Judge's April 15, 2008 Report and Recommendation. (Doc. 22.) For the reasons below, the Court **OVERRULES** Plaintiff's objections, **DENIES** Plaintiff's motion to reconsider, and **ADOPTS** the Report and Recommendation.

Plaintiff Mark L. Carpenter applied for disability benefits and for social security supplemental income alleging that he became disabled in 1995, at age 36. After a hearing, the ALJ held that Carpenter was disabled as of January 22, 2003, and has been under continuing disability since. The ALJ also held that Carpenter was last insured on December 31, 2000, and that he was not disabled under the Social Security Act at any time prior to that date. Carpenter's request for a period of disability and disability insurance benefits were denied. The Appeals Council denied Carpenter's request for review.

On October 10, 2007, Carpenter, *pro se*, filed his Statement of Errors. (Doc. 12.) Defendant Commissioner responded. (Doc. 14.) On April 15, 2008, the Magistrate Judge Mark Abel issued a Report and Recommendation (R&R), which recommends that the decision of the Commissioner of Social Security be affirmed. After the R&R was issued, Carpenter retained counsel who filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 22.)

Plaintiff Mark L. Carpenter's objections are OVERRULED and motion to reconsider is DENIED. Carpenter does not identify what portion of the Magistrate Judge's R&R he objects to. The R&R states that any party may object to the R&R and specifically designate the part in question. *See Martin v. LaBelle*, 7 Fed.Appx. 492, 494 (6th Cir. Mar. 27, 2001) (not published) ("After the issuance of a magistrate judge's report and recommendation, an objecting party must 'identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection.'") (internal citation omitted). Also, the issues raised, except for section IIIB of Carpenter's argument, were not raised in the statement of errors. Therefore, they are waived. *See Hann v. Michigan*, 2007 WL 1565465, *1 (E.D.Mich. May 29, 2007) ("A party's failure to present an argument to the magistrate judge waives that argument on review by a district court.") (citing *Murr v. United States*, 200 F.3d 895, 901 n. 2 (6th Cir.2000)); *Roberts v. Apfel*, 222 F.3d 466 (8th Cir. 2000).

In section IIIB, Plaintiff argues that the ALJ failed to properly evaluate the

medical opinion evidence and that the ALJ did not base his decision on substantial evidence.  (Doc. 22, pp. 26-37.)  The ALJ's decision contains a lengthy discussion of the medical evidence regarding fibromyalgia and myofacial pain syndrome and his reasons for rejecting Dr. Romano's opinion that Carpenter was disabled in 2000.  (R. 250- 55.)  The R&R contains a detailed explanation why the ALJ's decision is based on substantial evidence.  (See Doc. 16, pp. 11-13.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **DENIES** Plaintiff's motion to reconsider, and **ADOPTS** the Report and Recommendation.

s/Gregory L. Frost
United States District Court Judge
